NO. 07-07-0239-CR


 07-07-0240-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 24, 2007



______________________________


 

KEVIN MIKEL BRASHEARS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 116503-2; 116851-2; HONORABLE PAMELA COOK SIRMON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant Kevin Mikel Brashears filed notices of appeal from his convictions of May
15, 2007. Neither the trial court clerk's record nor the reporter's record has been filed. On
June 13, 2007, the trial court granted a motion to withdraw filed by appellant's appointed
counsel. No other order appointing an attorney has been issued. 

 Accordingly, we now abate these appeals and remand the causes to the County
Court at Law No. 2 of Potter County for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to determine the following:

 1. whether appellant desires to prosecute the appeals; 

 2. whether appellant is indigent; and

 3. whether the appellant is entitled to appointed counsel.

 Should it be determined appellant wishes to prosecute the appeals, is indigent, and
is entitled to an appointed attorney, the trial court shall appoint counsel. If counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in an order appointing counsel. If necessary, the trial court shall issue
findings of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders to be included in
a supplemental clerk's record. A supplemental record of the hearing, if any, shall also be
prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall
be filed with the Clerk of this Court on or before September 21, 2007.

 It is so ordered.

 Per Curiam

Do not publish.



if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel. If new counsel is appointed, the name, address, telephone number,
and state bar number of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of
this Court by January 23, 2006. Finally, if new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and
the supplemental reporter's record and the State's brief will be due within 30 days
thereafter. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.